## Respublica *against* Adam Tryer.

An indictment grounded on a statute, must pursue the description of the offence contained therein.

Therefore an indictment against an insolvent debtor, under the act of 4th April 1798, for fraudulently concealing his estate, with intent to defraud his creditors, but omitting to lay it, "thereby to secure the same," or "to retrieve or expect any "profit, benefit or advantage thereby," was held ill.

The time and place of such fraudulent concealment must be alledged.

AN indictment was found against the defendant in the county of Berks, containing two counts; the one for a perjury, (which was substantially formal,) the other for a misdemeanor, as follows:

Berks county, *ss.* The grand inquest for the county of Berks, on their oaths and affirmations, do present, that, &c. [and charges a perjury.]

And that on the same Monday, the same fifth day of January, in the year of our Lord 1801, at the court house in Reading, in the county aforesaid, in the said Court of Common Pleas, so holden as aforesaid, before the judges aforesaid, came in his *proper person, as an insolvent debtor, praying the said court to grant him the benefit of the act of general as- [*452 sembly of this commonwealth, made for the relief of insolvent debtors, passed on the fourth day of April 1798, Adam Tryer, of, &c. and thereupon he did exhibit to the said court a writing, purporting to be a true schedule or inventory of his debts, credits and estate, and then and there in open court did take his corporal oath on the holy gospel of God, (the said judges and court having a competent authority to administer an oath to the said Adam Tryer in that behalf,) and the said Adam Tryer in no wise regarding the good and wholesome laws of this commonwealth, nor fearing the pains and penalties therein contained, but wickedly intending by colour and pretext of the said act of assembly to deceive and defraud one Christian Domacher, (then

[Respublica *v.* Tryer.]

and long before and still being a creditor of the said Adam Tryer,) and divers others the creditors of the said Adam Tryer, the jurors aforesaid unknown, of their just debts, then and there, to wit, on the said fifth day of January, in the year aforesaid, with force and arms at the aforesaid county Court of Common Pleas, there holden as aforesaid, before the judges aforesaid, having authority as aforesaid, maliciously, wilfully and corruptly did swear, protest and declare, among other things, that he had not any estate, effects or property whatsoever, either in possession, reversion or remainder or expectancy, other than what was mentioned and contained in the said schedule or inventory, except the necessary wearing apparel and bedding for himself and family, not exceeding in value the sum of fifty dollars in the whole ; whereas in truth and in fact, he the said Adam Tryer, on the said fifth day of January, in the year aforesaid, at the county aforesaid, had other estate and effects in possession, remainder, reversion or expectancy than what was mentioned and contained in the schedule or inventory, besides the necessary wearing apparel and bedding for himself and family aforesaid, to wit, one stone messuage and thirty-one acres of land, with the appurtenances, situate, lying and being in the township of Exeter, in the said county, and also was then and there entitled to the sum of 350l. lawful money of Pennsylvania, owing to him by his father Jacob Tryer, and also the sum of 11l. due to the said Adam Tryer, upon a bill from a certain William Bland to him the said Adam Tryer, which estate and property aforesaid, he the said Adam Tryer did not disclose, but the same fraudulently and wickedly did conceal with intent to defraud the said Christian Domacher and others, his just creditors, of the same, to the evil example of all others in like case offending, contrary to the act of assembly in such case lately made and provided, and against *the peace and dignity of the commonwealth \*453] of Pennsylvania, &c.

A *noli prosequi* was entered on the first count for perjury, by the attorney general, and the defendant was convicted of the misdemeanor and deceit on the second count, upon the 3d August 1802, in the Court of Quarter Sessions of Berks county.

The following reasons were then filed in arrest of judgment, and argued in the sessions.

1. The title of the act, on which it was meant to ground this prosecution, is mistaken. It is stated to be " an act of assem-" bly made for the relief of insolvent debtors, and passed on the "fourth day of April 1798," whereas there is no such act.

2. It is stated in both counts that the defendant had other estate and effects in possession, reversion, remainder *or* expectancy than were mentioned or contained in such schedule or inventory, which is uncertain as to the nature of the estate omitted, the one being in the disjunctive " possession *or* expectancy," the other in the past time indefinitively.

3. In order to bring the defendant within the penalty, it

[Respublica *v.* Tryer.]

should appear that he is within the benefit of the act.    But the indictment contains no averment that the defendant is of that description of persons to whom the act extends.

4. The property charged to be concealed is altogether unspecified and uncertain ; the words " which estate and property "aforesaid," relating to and comprehending as well the property specified in the schedule as that which is said not to be included in the schedule.

5. The material facts charged in the second count are, that the defendant concealed with intent to defraud ; neither the time when, nor the place where the fraud was committed, is alledged.

6. The defendant is charged with concealing property, with intent to defraud Christian Domacher and other creditors ; without alledging in the words of the act that he did this, thereby to secure the same, or to receive or expect any profit, benefit or advantage thereby.

7. That the words, " The Grand Inquest for the county of " Berks on their oaths and affirmations do present," are omitted in the second count, so that it does not appear that the bill was found or presented by the Grand Inquest of the county aforesaid.

8. No proceedings can be sustained in this court on the act of assembly on which the prosecution is grounded, because the act expired before the jurisdiction attached.

9. The act, as it respects the defendant, was repealed and annulled to all intents and purposes, by the act of congress, entitled "an act to establish an uniform system of bankruptcy throughout the United States." [*454

10. The writing purporting to be a true schedule or inventory of the debts, credits and estate referred to in the indictment, is not stated in such indictment, to be filed among the records of the Court of Common Pleas, of the county of Berks, or any where else.

> *Daniel Clymer.*
> *Charles Evans.*
> *Frederick Smith.*

Upon argument, the sessions overruled the reasons in arrest of judgment, and sentenced the defendant to a servitude at hard labour for two years.    Whereupon a writ of error was brought, and Messrs. Ingersoll and C. Evans argued, that the indictment was erroneous.    But they abandoned the first, fourth, eighth, ninth and tenth exceptions.

2. All offences must be charged in direct and positive terms, and not in the disjunctive.    But here it is alledged, that the defendant had other estate and effects in possession, remainder, reversion or expectancy, than were mentioned in his inventory ; to wit, one stone messuage, and 31 acres of land, &c.    Now it does not appear by this allegation, whether he held the premises in possession, remainder, reversion, or expectancy ; and conse-

quently he could not come prepared to defend himself against this charge.

To this, the attorney general and Mr. Collinson Read, in behalf of the commonwealth answered, that the nature of his estate in this property was immaterial, nor could the counsel who drew the indictment, be supposed to know it. Three things should concur in every criminal proceeding. 1. The party accused should be apprised of the charge he is to defend. 2. The court should know what judgment is to be pronounced according to law. And 3d. Posterity should know, what law is to be derived from the record. 5 Term Rep. 623. Besides, the words *or expectancy*, are not to be found in the 1st section of the act of 4th April 1798, which prescribes the oath, (4 St. Laws, 270,) and therefore they may be rejected in the indictment, as idle and insensible. In Morris's case, (Leach, 113,) tautologous words were rejected as surplusage. And in Redman's case, (Ib. 410,) it is held, that a bad indictment may be made good by rejecting as insensible and useless, such words as obstruct the sense of it.

*455] *Upon the court's remarking, that in addition thereto, it appeared to be laid with sufficient precision, that the defendant was entitled to 35ol. under his father, and 11l. due by Bland, neither of which sums were inserted in his inventory, this exception was also dropped.

3. Two descriptions of persons are comprehended by the law in question. The 1st section includes inhabitants within the state two years, previous to their application for the act, though not in execution ; the 14th section, persons under execution.— But it is not alledged here, that the defendant was, in either character, entitled to the benefit of the law. The Court of Common Pleas had in this particular, a limited jurisdiction, and special powers were vested in them by the legislature. In an indictment against a bankrupt for concealing his effects, it is always stated, that the party used the trade of merchandize, and got his living by buying and selling, that a commission issued against him, &c. Cro. Circ. Comp. 160, (105.) And in a case of considerable hardship, where an insolvent debtor was discharged at an adjourned sessions, under the stat. of 37 Geo. 3, c. 112, which gave the justices of the peace authority to discharge under certain circumstances, the sheriff was held chargeable for the escape. 8 Term Rep. 424.

Answer. It is not competent to the defendant on the present prosecution, to say, that it does not appear he was entitled to the benefit of the act. He came as an insolvent debtor, claiming relief under it, and complied with its injunctions, by filing his petition and schedule under it. Indictments against bankrupts are very minute and particular, because the commissioners possess an inferior and limited jurisdiction ; but the Common Pleas, under the act, are considered in a very different light,—

In inferior courts, every thing that makes the gist of the action, must be laid, so as to appear to be within their jurisdiction. 1 Salk. 404.

The court seemed to be of opinion, that the omission alledged, was not a material defect.

5. The essence of the second count is a fraudulent concealment by the defendant of his property, and not perjury.   For the latter offence, there was a particular count, on which a *noli prosequi* has been entered.   Here it is alledged, that the defendant wickedly intending to defraud·his creditors, swore, &c.— Whereas in fact he had other estate and effects, than those *specified in his schedule, and it goes on to enumerate them.   But no day or place of concealment are laid, [*456 which is contrary to all the precedents.   The year and day of all material facts, must be stated. 2 Hawk. 235.   Every material fact issuable and triable, must be laid with time and place. 5 Term Rep. 620.   It is necessary to state some time, when each fact happened, that is material to constitute guilt. Ib. 624.   In that case the offence was laid in one of the counts, during the time of the defendant's being one of the counsel, and was held ill. Ib. 625.   Here the pronoun relative, refers only to the estate, and not to the time and place of the supposed fraudulent concealment.

Answer. The time and place are alledged as to the defendant's appearance in court as an insolvent debtor and exhibition of his schedule; and the taking of the false oath, as to the contents of the schedule with intent to defraud his creditors, is connected therewith by the words *then and there;* moreover, the true statement of his estate and effects, is alledged with time and place.   And in all this, it is apprehended there is sufficient certainty, which may arise from a necessary inference.   The words shall be taken in their common sense. Cowp. 679, 682.

The allegation of a day, *prima facie*, somewhat uncertain, may be helped by the apparent sense of the whole. 2 Hawk. 181. On an indictment for a rescue, it shall be intended to be where the arrest was. Cro. Jac. 354.   2 Bulst. 208.   A is indicted, *quod prima die maii anno* 21 Eliz. *in quendam* B, *insultum fecit et ipsum verberavit*, but says not *adtunc et ibidem verberavit*, yet ruled good; for the *vi et armis*, day and place named in the beginning, refer to all the ensuing acts. 2 H. H. P. C. 178.   The perjury here is one means of concealment. *Vide* 2 Stra. 904.

6. This second count is grounded upon the 10th section of the law of 4th April 1798, which introduces an offence, *sui generis*.   It is neither at common law nor under the act of bankruptcy.   It is described to be "where such debtor hath directly " or indirectly sold, leased, or otherwise disposed of in trust, or " concealed any part of his or her property of any kind, or any " part of his or her debts, rights or claims, thereby to secure the

[Respublica *v.* Tryer.]

" same, or to receive or expect any profit, benefit or advantage
" thereby, to deceive or defraud his or her creditors ; and being
" thereof convicted," &c.    It is true, the perjury may be one
means of concealment, but not the only one.    The acts of sell-
ing, leasing or concealing must be to secure the same, or expect
any profit, benefit or advantage thereby, to defraud creditors.
The description of the crime in the act must be pursued.    Thus,
*457] on *an indictment for perjury on the statute of 5 Eliz.
c. 9, the word *wilful* must be inserted, because it is a
material description in the statute of the offence.    Leach 69,
Cox's case.    So an indictment on the statutes of 5 and 18 Eliz.
for clipping and lightening coin, was held bad, for leaving out
the words *for lucre sake*.    1 H. H. P. C. 220.    No circumlocution
can supply the want of technical words.    3 Bac. 113.

Answer.    The object of the section was to prevent frauds
practised on creditors ; it was made for their security.    It enu-
merates independent offences ; selling, leasing, disposing of in
trust, or concealing with intent to deceive creditors, are all
within the act.    It is immaterial, whether the debtor gains or
expects to gain by the concealment of his estate.    It is only of
moment that the act is done, with the intent to deceive or de-
fraud creditors.

7. It does not appear that the indictment was found by a
grand jury on oath.    All the precedents in the books, as well
as in the state, insert in the second count, "and the jurors
" aforesaid upon their oaths and affirmations aforesaid respec-
" tively do present," &c.    The several counts contain indepen-
dent offences, and ignoramus may be returned as to some, and a
true bill as to the remainder.    The first count in this indictment
is disposed of by the *noli prosequi ;* but even admitting that this
was not the case, the second count cannot be supported in its
present form.    An indictment, *juratores presentant,* is ill.  2
Keb. 676.    Indictment quashed, for that the jury were not said
to be sworn.  1 Keb. 329.    If a special verdict found the words
of the present indictment, no judgment could be rendered on it.
Forms in criminal prosecutions particularly, should not be de-
parted from.    Our zeal for punishment should not absorb indi-
vidual safety.    In the language of Lord MANSFIELD (4 Burr.
2539) God forbid, that the defendant should not be allowed the
benefit of every advantage he is entitled to by law.

Answer.    The counts must necessarily be considered toge-
ther, to render them intelligible.    It always happens, that terms
of relation are inserted in the latter counts, which refer to the
first count, and the words *said, aforesaid,* &c. are frequently
made use of for this purpose.    The offences in each count are
distinct, and in that sense independent ; but it by no means fol-
lows, that the phraseology of the one count may not be applica-
ble to a succeeding one, as in the instance of the county wherein
the indictment is found, which is uniformly inserted in the mar-
gin of the first count, but is never inserted in the following

[Pritchet v. Insurance Co. of N. America.]

counts.  The *noli prosequi* only disposes of the first count, so far as it charges the perjury ; but the presentment of the grand *inquest upon oath and affirmation, still remains, as re- [*458 ferable to the second count.  If there had been an acquittal or conviction on the first count, instead of a *noli prosequi*, and the defendant had been convicted on the second, and the same should be deemed sufficient in all other particulars, there is little doubt that judgment could legally be entered on it.  The defendant ought not to be deprived of any legal advantage, but frivolous exceptions to indictments should be discouraged, and are justly liable to censure. 2 H. H. P. C. 193.  2 Hawk. 228. The substance of justice has often been lost in pursuit of the shadow of mercy.  Eden's-Princ. Penal Law 181.

The court on consideration reversed the judgment of the sessions, for the reasons assigned on the sixth exception, that the indictment did not pursue the description of the offence as contained in the 10th section of the law of 4th April 1798 ; and further said, there was considerable weight in the fifth exception.  On the last exception they intimated no opinion, but directed that the defendant should stand committed until he gave security for his appearance at the next Court of General Quarter Sessions of the peace, to be held for Berks county, to answer a new indictment.

Cited in 1 Pa. 156 in support of the decision that on an indictment for stealing county orders, the offence not being a felony at common law, but made so by statute, the indictment ought to conclude *contra formam statuti.*
Cited in 2 Ash. 113.


MARCH TERM, 1803.

CORAM—SHIPPEN, CHIEF JUSTICE, YEATES, SMITH AND BRACKENRIDGE, JUSTICES.

Jesse Pritchet, who survived Isaac Starr, jun. (for the use of Henry Sparks, jun. surviving partner of Isaac Lloyd) *against* The Insurance Company of North America.

The policy and principles which gave rise to the British statute of 19 Geo. 2, c. 37, have been adopted here both in courts of justice and by commercial usage.
Owner of a vessel and cargo may fairly insure in a valued policy to two ports in the West Indies, to the amount of the prime cost of the goods and the premium, and the cost of freight thereon to the first port.

ACTION on a policy of insurance, on goods on board the brig Neutrality, William Clark, master, at and from Philadelphia, to one port in Martinico, and at and from thence to St. Thomas's, subscribed 2d March 1798.  The goods were valued at $15,000, and insured at a premium of 17½ per cent. ; and the *policy was assigned over by the insured to Sparks and [*459 Lloyd on the 29th March following.

3 YEATES—27