## Commonwealth *v.* Wolfe, Appellant.

Argued November 13, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

142

*George F. Douglas, Jr.*, for appellant.

*John B. Fowler, III*, Assistant District Attorney, with him *Harold E. Sheely*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, January 15, 1969:

Appellant, holder of a hotel liquor license, was convicted of violating §493(1) of the Liquor Code, Act of April 12, 1951, P. L. 90, §493(1), 47 P.S. §4-493(1), as amended, prohibiting the sale of liquor to minors. After his motion in arrest of judgment was denied, he was fined $300.00 and ordered to pay the court costs. The Superior Court affirmed per curiam, and we allowed an appeal.

It is undisputed that appellant was not present at the time the bartender made the sale, had no personal knowledge of the sale, and had given his bartender specific instructions not to sell to minors. Appellant urges that under these circumstances, it is a denial of due process to impose vicarious criminal liability on him.

We disagree, for two reasons. First, in order for appellant's contention to prevail, we would have to overrule our decision in *Commonwealth v. Koczwara*, 397 Pa. 575, 155 A. 2d 825 (1959). This we decline to do; we have reviewed that decision and reaffirm it

here. We quote at length from Professor Sayre, Criminal Responsibility for the Acts of Another, 43 Harv. L. Rev. 689, 722 (1930) : "To hold the master liable if he fails to prevent his servant from committing the prohibited conduct will have a powerful deterrent effect. On the other hand, to require from the state actual and positive proof of specific authorization or actual knowledge and acquiescence in a matter lying peculiarly within the secret knowledge of the two concerned in the offense, will effectually block most convictions and open the way for successful evasion through secret instructions and covert understandings. The protection of important social interests may thus be sacrificed to a too-zealous concern for individual interests of only trifling importance. Since in such cases deterrence is the essential objective, the present tendency of the law to hold the master criminally liable even for the unauthorized and unknown acts of his servant seems justified, and indicates a direction of sound growth. As long as courts are careful not to permit *respondeat superior* to creep into the true crime cases, masters and principals should be held criminally liable for the petty misdemeanors of their servants and agents which involve no moral delinqency or severe punishment and which are committed in the course of the master's business."

Moreover, even if we were to overrule *Koczwara* and hold that a liquor licensee who had done all he could to instruct his servants not to sell to minors cannot be liable for sales made in his absence and without his knowledge, we would still affirm appellant's conviction. For he did not do all he could in instructing his employes. Section 495 of the Liquor Code, supra, provides a safeguard for the licensee or his servant, agent, or employee. Under that section, a licensee or his servant, etc., may require one whose age may be

in question to fill out and sign a card wherein the person must state that he is over the age of twenty-one and give his birth date. This signed statement in the possession of the licensee may be offered as a defense in all civil and criminal prosecutions for serving a minor, and no penalty is to be imposed if the courts are satisfied that the licensee acted in good faith. Appellant did not instruct his employees to follow this procedure; in fact, he was unaware of it. Thus, even if we were to overrule *Koczwara*, it would not benefit appellant, who failed to instruct his employees properly.

The judgment is affirmed.