Commonwealth *v.* Jade East et al., Appellants.

Argued June 10, 1975. Before Watkins, P. J., Jacobs, Hoffman, Cercone, Price, Van der Voort, and Spaeth, JJ.

*George W. Westervelt, Jr.,* with him *George Royle, IV,* and *Cohen, Royle and Ticktin,* for appellants.

*James F. Marsh,* District Attorney, for Commonwealth, appellee.

Opinion by Van der Voort, J., October 28, 1975:

The Monroe County Grand Jury handed down an indictment against each appellant charging violations of the "Liquor Code"; viz., (Count I) that they unlawfully sold, furnished or gave liquor or malt or brewed beverages or permitted them . . . to be sold, furnished or given

142

... to minors;[1] and (Count II) that they unlawfully permitted minors to frequent [their] licensed premises.[2]

The parties stipulated to the facts which are as follows: "that on the 16th day of June, 1973, at approximately 11:15 P.M. a number of agents from the Pennsylvania Liquor Control Board carried out what is commonly referred to as a raid on the premises known as the Charcoal Hearth, which is owned and operated by Jade East, Inc., trading as the Charcoal Hearth, and Louis Ranieri, Robert Phillips and Kenneth Grochowski, being officers as well as individuals. At the time of the raid made by the Pennsylvania Liquor Control Board Officers, six girls, to wit: Rebecca Ann Leonard, age 18; Marie B. Hess, age 20; Karen Chattin, age 20; Noreen E. Liguori Bandwine, age 20; Colleen Smith, age 18; and Patricia Jean VanderVielt, age 20, were discovered upon the premises. Each of these girls was served alcoholic beverages by the Defendants' agents. Neither of Defendants, Louis Ranieri or Robert Phillips, was present on the premises and Defendant, Kenneth Grochowski, was out of the public area of the bar, apparently in an office.

"It was further discovered that none of the girls were asked for identification when they went into the premises, and furthermore, that at least three of the girls, namely, Noreen E. Liguori Bandwine, Colleen Smith and Patricia Jean VanderVielt had no identification whatsoever on their persons.

"It was further stipulated that had Patricia Jean VanderVielt been present in Court the day of the trial she would have testified to the above recited occurrence at the Charcoal Hearth, as well as to the fact that she had frequented the premises on a number of other occasions over a period of at least one month.

---

1. In contravention of the Act of April 12, 1951, P.L. 90, Art. IV, §493(1), 47 P.S. §4-493(1).

2. In contravention of the Act, *supra*, §493(14), 47 P.S. §4-493(14).

"It was further stipulated that the agents questioned the girls and that three of them entered guilty pleas to consuming alcoholic beverages and being underage in so doing. The three girls who pleaded were Noreen E. Liguori Bandwine, Colleen Smith and Patricia Jean VanderVielt.

"Finally, it was stipulated that Louis Ranieri was president of Jade East, Inc., and he was not present on the 16th day of June, 1973; that Robert Phillips was secretary of Jade East, Inc., and he was not present on the premises on the 16th day of June, 1973; that Kenneth Grochowski was the manager of Jade East, Inc., and which trades under the name of Charcoal Hearth, and which is the holder of the license, the restaurant Liquor License, R-1-229; and that Mr. Grochowski was on the premises that night, but was not in the room when the arrest was made."

The appellants were adjudged guilty by Judge Arlington W. WILLIAMS, sitting without a jury, on both counts. Appellants Ranieri and Phillips received suspended sentences, and appellants Jade East, Inc., and Grochowski each were sentenced to pay a fine of $100.00 on each count. Appeal is taken on the sole question that since the "Liquor Code" imposes absolute liability for the crimes involved, does the "Crimes Code" in such cases convert the offenses to summary ones.[3]

The question raised by appellant involves the interpretation of §305 of the "Crimes Code" which provides as follows:

"§305. LIMITATIONS ON SCOPE OF CULPABILITY REQUIREMENTS

(a) When culpability requirements are inapplicable to summary offenses and to offenses defined by other statutes.—The requirements of culpability pre-

---

3. The Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa. C.S. §305.

scribed by section 301 of this title (relating to requirement of voluntary act) and section 302 of this title (relating to general requirements of culpability) do not apply to:

(1) summary offenses, unless the requirement involved is included in the definition of the offense or the court determines that its application is consistent with effective enforcement of the law defining the offense; or

(2) offenses defined by statutes other than this title, in so far as a legislative purpose to impose absolute liability for such offenses or with respect to any material element thereof plainly appears.

(b) EFFECT OF ABSOLUTE LIABILITY IN REDUCING GRADE OF OFFENSE TO SUMMARY OFFENSE.—Notwithstanding any other provision of existing law and unless a subsequent statute otherwise provides:

(1) when absolute liability is imposed with respect to any material element of an offense defined by a statute other than this title and a conviction is based upon such liability, the offense constitutes a summary offense; and

(2) although absolute liability is imposed by law with respect to one or more of the material elements of an offense defined by a statute other than this title, the culpable commission of the offense may be charged and proved, in which event negligence with respect to such elements constitutes sufficient culpability and the classification of the offense and the sentence that may be imposed therefor upon conviction are determined by section 106 of this title (relating to classes of offenses) and Chapter 11 of this title (relating to authorized disposition of offenders)."

The offenses concerned in the instant case, hereinafter called "the offenses," are formulated in §493 of the Liquor Code (supra) which makes the acts or omissions charged

in the indictment unlawful in and of themselves; that is, it imposes absolute (sometimes called vicarious) liability for violations. See *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959) and *Commonwealth v. Wolfe,* 433 Pa. 141, 249 A.2d 316 (1969). Thus, the offenses are defined by a statute other than the Crimes Code and the Legislative purpose to impose absolute liability for them plainly appears. Referring then to §305(b)(1), its provisions without anything more would convert the offenses to summary offenses. However §305(b)(2) which is conjunctive to §305(b)(1) comes into play and makes (b)(1) inapplicable or reconverts the offense to a misdemeanor as determined by §106 of the "Crimes Code."[4]

The facts in the instant case prove that the defendants' agents in committing the offenses of §493(1) and (14) of the Liquor Code were negligent in not asking the minor girls for proper, or any, identification. Nor did they request the identification statement or card required by §495(c) of the Liquor Code. See *Commonwealth v. Wolfe,* 433 Pa. 141 (supra). The Liquor Code further provides that the signed statement as to age in the possession of a licensee may be offered as a defense in criminal prosecution for serving minors and that no penalty shall be imposed if the courts are satisfied that the licensee acted in good faith. The neglect of their agents, servants or employees is imputed to the appellants under the theory of their absolute liability pursuant to the "Liquor Code". There is no evidence that the appellants instructed or required their agents, servants or employees to ask for proper identification or to procure the statement from the minors as to their ages. There was ample evidence of negligence warranting the trial court in finding the culpable commission of the offenses and holding that they constituted misdemeanors.[5]

---

4. 18 Pa. C.S. §106.

5. The appellants raise indirectly the question of whether or not the indictment must expressly charge the culpable commission

It should be noted that §302(h) of the Crimes Code is by §305(a)(2) made inapplicable to the offenses involved in the instant case.

Judgment of sentence affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:

While I agree entirely with the legal analysis of the Majority Opinion, I dissent because I believe that the stipulated facts do not support the conclusion reached by the Majority.

The appellants were charged with violations of the Liquor Code for which absolute liability is imposed, and thus are normally summary offenses. See 18 Pa.C.S. §305(b)(1). If the Commonwealth can prove, however,

of the offense. The indictment charges the offense substantially in the language of the statute (the "Liquor Code"). The Pa. Rules of Criminal Procedure No. 213(b)(5) (now renumbered 213(a)(5)) provide inter alia that the indictment shall contain "a plain and concise statement of the essential elements of the offense substantially the same as are cognate to the offense alleged in the complaint;" the indictment in the instant case complies with Pa. R. Crim. P. 213(b)(5) (now (a)(5)). Furthermore, in *Commonwealth v. Lee*, 454 Pa. 526, 312 A.2d 391 (1973) the court considered the requirements of the language of the indictment and stated as follows: ". . . An indictment by the grand jury charging a statutory offense must do so in the language of the statute. Historically, this requirement was strictly enforced to the extent that the *exact* language of a statute had to appear in an indictment. The slightest deviation from the exact language of the statute rendered the indictment fatally defective as to that statutory offense. Hamilton v. Commonwealth, 3 Pen. & W. 142 (Pa. 1831); Respublica v. Tryer, 3 Yeates 451 (Pa. 1802). Because the *exactness* requirement was strictly enforced, the legislature in 1860 mitigated the need for exactness by providing that '[e]very indictment shall be deemed and adjudged sufficient and good in law which charges the crime *substantially* in the language of the act of the assembly prohibiting the crime and prescribing the punishment, if any such there be . . .' Act of March 31, 1860, P.L. 427, §11, 19 P.S. §261 (emphasis added)."

that the defendant was negligent with respect to one or more of the material elements of the offense, the defendant is properly charged with and convicted of a higher crime as classified by §106 of the Crimes Code. See 18 Pa.C.S. §305(b)(2). In the instant case, the Majority states that appellants' *agents* were negligent in not requesting identification of the patrons and in not requesting the identification statement or card required by §495(c) of the Liquor Code. This evidence, however, only goes to prove the negligence of the agents; it has no relevance to the issue of whether the appellants themselves were negligent. As the Majority correctly notes, the negligence of the agents is imputed to the appellants under the theory of absolute liability. Thus, the appellants would properly be convicted of summary offenses.

The Majority goes on to state "[t]here is no evidence that the appellants instructed. or required their agents, servants or employees to ask for proper identification or to procure the statement from the minors as to their ages." The Majority, holds, however, that there was "ample evidence of negligence" which warranted appellants' conviction of a misdemeanor. I emphatically disagree. Apparently, the Majority is inferring that because the employees failed to demand identification, the appellants failed to instruct their employees to do so. It seems to me, however, that a person with a valuable license would seek to insure that his agents would not do anything which might jeopardize the continued availability of the license. Thus, I believe that there is no inference which can be drawn from the stipulated facts which warrants a finding of negligence. In any event, the Commonwealth must prove its case beyond a reasonable doubt. I fail to see how the fact that the bartender failed to ask for identification is proof beyond a reasonable doubt of culpable conduct on the part of appellants.

148

DISSENTING OPINION BY SPAETH, J.:

I agree with Judge HOFFMAN that the failure of appellants' employees to demand identification from the minors cannot provide the basis for an inference that the appellants themselves failed to instruct the employees to require the identification.

In addition, it is my view that the indictments should have specifically charged the culpable commission of the liquor offenses. The Crimes Code, §305(b)(2), 18 Pa.C.S. §305(b)(2), provides, in the conjunctive, that culpable commission "may be charged *and* proved" (emphasis added). To be sure, if a defendant is indicted for what would otherwise be a summary offense, the fact of indictment would give him notice that the Commonwealth is seeking a misdemeanor conviction. Nonetheless, he should not be left to guess at the level of culpability the Commonwealth will attempt to establish.

The majority apparently relies on §302(h) of the Crimes Code, 18 Pa.C.S. §302(h), to support its view that culpable commission need not be charged. (*See* majority opinion at 146 and n.5). Section 302(h) provides in relevant part as follows: "Neither knowledge nor recklessness or negligence *as to whether* conduct constitutes an offense . . . is an element of such offense . . ." (emphasis added).

The issue in appellants' case, however, is not whether they knew or should have known that their conduct was illegal; rather it is whether they did what they did negligently. Consequently, §302(h) is inapplicable.