## Commonwealth v. Beams

*Gary E. Hartman, District Attorney*, for Commonwealth.

*Smith, Gephart, Killian & Gephart*, for defendant.

SPICER, *P.J.*, September 7, 1978—Defendant, charged with homicide by vehicle, has filed a pretrial application seeking to have the information quashed because the act of legislature is violative of the equal protection and due process clauses of the Constitution. We will discuss these contentions in order.

### I. EQUAL PROTECTION

Defendant's position is that the statute discriminates unfairly against those persons involved in an incident resulting in death. This position is palpably without merit. The result of an action is the basis for most criminal sanctions.

A more difficult issue, not raised by defendant and not argued by the Commonwealth, is whether the distinction created by the statute of motorist/nonmotorist is based on reasonable considerations.

In order for a nonmotorist to be guilty of a first degree misdemeanor when his actions cause death, the person must be guilty of reckless or grossly negligent conduct. In order for a motorist to be guilty of a first degree misdemeanor, he need only be guilty of negligence and that arguably could result from the violation of the Vehicle Code since the code establishes the standard of care required. See 27 P.L.E. 23, §6. For example, the Vehicle Code provides that a person must remove his vehicle from the highway unless it is *impossible* to do so: Vehicle Code of June 17, 1976, P.L. 162, 75 Pa.C.S.A. §7310. A violation of this section may be the basis for a homicide conviction under the literal wording of the provisions of 75 Pa.C.S.A. §3732. In the latter section, it is provided that any person unintentionally causing the death of another while engaged in the violation of any law relating to motor vehicles is guilty of homicide by vehicle. However, negligence is required: Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S.A. §302.

A classification based upon those persons subject to the provisions of the Vehicle Code and those persons not so subject is not a suspect classification and need not be subjected to a strict scrutiny. The court holds that the classification is rationally related to a legitimate state purpose, that is, safety on the highways. Therefore, defendant's objections based upon the equal protection clauses are dismissed.

## II. DUE PROCESS

Defendant argues that the statute is void for vagueness and also that mere negligence cannot be the basis for a serious misdemeanor conviction.

The contention that the statute is void for vagueness is without merit and is dismissed.

Defendant's other assertion concerning due process is only viable if there is a constitutionally mandated level of culpability required to impose criminal responsibility. Neither counsel has cited authority on point. The Commonwealth's brief addresses the issue as involving intent, but intent is not the issue. The Crimes Code section defining involuntary manslaughter does not require intent: 18 Pa.C.S.A. §2504. The issue is whether in order to find defendant guilty of violating 75 Pa.C.S.A. §3732 the level of culpability must rise to recklessness or gross negligence.

It appears rather clear that the legislature intended mere negligence to be the basis for criminal responsibility. The clear wording of the statute indicates this. Furthermore, involuntary manslaughter already requires recklessness or gross negligence and the legislature can be assumed to have intended to define a new offense. In this respect, we disagree with the conclusion of the Montgomery County Court in the case of Com. v. Barone, 104 Montg. 341 (1978).

It is clear that negligence can be the basis for a misdemeanor conviction: Com. v. Jade East, 237 Pa. Superior Ct. 140, 346 A. 2d 562 (1975); 18 Pa.C.S.A. §302. (The Crimes Code is applicable to the Vehicle Code: 18 Pa.C.S.A. §107.) Furthermore, in the Crimes Code it is provided: "(a) Offense Defined.—A person is guilty of criminal homicide if he intentionally, knowingly, recklessly or negligently causes the death of another human being." 18 Pa.C.S.A. §2501.

It seems to this court that the penalty imposed is unduly harsh in light of the reasonings set forth in such cases as Com. v. Koczwara, 397 Pa. 575, 155 A. 2d 825 (1959), and Com. v. Bready, 220 Pa.

Superior Ct. 157, 286 A. 2d 654 (1971). However, these considerations would properly be matters for appellate consideration in light of a sentence actually imposed.

Therefore, the attached order will be entered.

## ORDER

And now, September 7, 1978, defendant's pretrial application is hereby dismissed.