## J-J Bar, Inc. Liquor License Case.

350

Argued June 12, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James Phelan, Jr.,* Special Assistant Attorney General, with him *I. Harry Checchio,* Special Assistant Attorney General, *Thomas J. Shannon,* Assistant Attorney General, and *William C. Sennett,* Attorney General, for Pennsylvania Liquor Control Board, appellant.

*Ralph Schwartz,* for appellee.

OPINION BY WRIGHT, J., September 14, 1967:

On July 20, 1966, after hearing on Citation No. 1954 of 1965, the Pennsylvania Liquor Control Board entered an order suspending for a period of ten days the restaurant liquor license issued to J-J Bar, Inc. for premises at 2034 North 31st Street in the City of

Philadelphia.[1]  This order was based upon the following finding of fact: "The licensee, by its servants, agents or employes, sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors, on March 25, 1965".  The licensee appealed to the Court of Quarter Sessions of Philadelphia County which entered an order, November 3, 1966, setting aside the suspension. The Board has appealed to this court.

· · The history of the licensed premises includes two prior suspensions in addition to the one mentioned in the footnote.  The suspension presently under consideration is based upon an investigation under date of March 25, 1965.  Officer Flamer testified that, shortly after one o'clock in the morning, he and another officer observed a male minor enter the premises.  Ten minutes later the officers entered and found the minor seated at the bar.  In front of him was a glass of wine "with his hand wrapped around it".  Seated beside the minor was an adult who also had a drink in front of him. The testimony of Officer Flamer was corroborated by Officer Cameron.  The minor in question did not appear at the hearing before the court, but his testimony before the Board was received by stipulation.  The minor testified that he was nineteen years of age, and that the adult beside him had ordered two drinks "and one was for me".

The reasoning of the court below was as follows: "There was no evidence that the bartender was aware or should have been aware that the minor was to be the ultimate receiver of the wine, or that the bartender was aware that the wine had been transferred to the minor".  We are not in accord with this reasoning.

---

[1] On the same date the Board also issued a suspension order for a consecutive period of twenty days on Citation No. 127 of 1966.  The court below sustained the Board as to this Citation and the licensee has not appealed.

By necessary implication the testimony establishes a violation of the law by the licensee's bartender. Cf. *Smith's License*, 26 Pa. D. & C. 370. The minor was not questioned as to his age, or asked for identification, nor was he requested to leave the premises. The minor and the adult were seated together at the bar, and two drinks were ordered. It was the bartender's duty to refuse to permit the adult to furnish liquor to the minor. As used in the relevant section of the Liquor Code[2], the words "or any other person" are not to be given a limited construction: *Commonwealth v. Randall*, 183 Pa. Superior Ct. 603, 133 A. 2d 276. The legislature intended that persons designated in the statute should be protected: *Majors v. Brodhead Hotel*, 416 Pa. 265, 205 A. 2d 873.

The order of the court below is reversed, and the order of the Board is reinstated.

---

[2] Act of April 12, 1951, P. L. 90, §493(1), 47 P.S. 4-493(1).