Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Grand Marcus One, Inc., t/a The Marc One, Appellee.

Submitted on briefs October 4, 1982, to Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Kenneth W. Makowski,* Deputy Chief Counsel, with him *Felix Thau,* Assistant Counsel, and *J. Leonard Langan,* Chief Counsel, for appellant.

No appearance for appellee.

OPINION BY JUDGE CRAIG, October 29, 1982:

The Pennsylvania Liquor Control Board appeals a Cambria County Court of Common Pleas order which reversed the board's decision to suspend the license of The Marc One (licensee) under Section 493 of the Liquor Code.[1]

The board found that on February 1, 1980, three minors were sitting at a table in the licensee's premises, drinking beer with individuals who were over twenty-one years old. Two of the minors testified that they had purchased beer directly from a bartender and the third minor testified that she had obtained beer from an adult friend who had bought it for her.

_____

[1] Act of April 12, 1951, P.L. 90, 47 P.S. §4-493(1), which provides that it shall be unlawful

for any licensee or the board, or any employe servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed begerages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated, or to any insane person, or to any minor, or to any habitual drunkards or persons of known intemperate habits.

However, the common pleas court, noting the inconsistencies in the testimony before the board,[2] concluded that "the evidence fails to prove that any of the minors purchased beer from the licensee's employees, and indeed, a strong inference can be made that the nameless adults at their table provided the alcoholic beverages."

Our scope of review is limited to a determination of whether or not the board's order is supported by sufficient evidence and whether the lower court abused its discretion or committed an error of law. *Skowronek Liquor License Case*, 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977).

Even accepting the common pleas court's inferential finding that adults at the bar provided the minors with beer, we must reverse for error of law. The bartender was under a duty to see to it that the adults did not furnish liquor to the minors. *In re J-J Bar, Inc.*, 210 Pa. Superior Ct. 349, 233 A.2d 625 (1967). *See also, Salvia's Bar, Inc. v. Pennsylvania Liquor Control Board*, 211 Pa. Superior Ct. 275, 236 A.2d 839 (1967).

### Order

Now, October 29, 1982, the order of the Court of Common Pleas of Cambria County, dated September 8, 1981, No. Misc. 49-1980, is hereby reversed, and the order of the Pennsylvania Liquor Control Board, dated July 1, 1980, is hereby reinstated.

---

[2] The court concluded that the testimony of the minors and the board's undercover officers varied as to the number of people in the bar and at the table, the amount of time that elapsed before the minors were seen consuming beer on the premises and whether the licensee's bartenders served alcoholic beverages to the minors.