In Re: Appeal of Old Express Limited From Pennsylvania Liquor Control Board Citation No. 2231, 1980.

Old Express Limited, Appellant.

Argued May 7, 1982, before Judges Rogers, MacPhail and Doyle, sitting as a panel of three.

*William G. McConnell, Cusick, Madden, Joyce and McKay,* for appellant.

*J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY JUDGE ROGERS, December 15, 1982:

This appeal[1] presents the question of whether the holder of a liquor license can be held to have violated Section 493(1) of the Liquor Code[2] on the basis of proof, without more, that on a date specified and in the vicinity of the licensee's place of business, minors were discovered by agents of the Liquor Control Board (LCB) to be in possession of and to be consuming malt beverages—beer.

Section 493(1) is as follows:

It shall be unlawful—

Furnishing liquor or malt or brewed beverages to certain persons

(1) For any licensee or the board, or any employe, servant or agent of such licensee or of

---

[1] This case was reassigned to the writer on September 14, 1982.

[2] Act of April 12, 1951, P.L. 90, Art. IV, §493(1), *as amended,* 47 P.S. §4-493(1).

the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, . . . to any minor.

The facts, adduced at a hearing conducted by the LCB, are not the subject of serious dispute.[3] On three consecutive dates in August, 1980, the licensee, as he was licensed to do by the LCB, organized and managed an entertainment variously called by the parties a Bavarian festival, an Oktoberfest, and a Funfest; that the locus of these festivities was a large tent erected by the licensee in which were located musicians and other amenities and facilities for the sale and service of refreshments including beer; and that in the evening of August 8, 1980, LCB agents interviewed in the licensee's parking lot three of the approximately 1500 guests and discovered that each of them was a minor and each was in possession of beer and that two of the three had been drinking the beer.

Only one of the minors was available for examination at the LCB hearing and his testimony was that on the evening in question he was fourteen years of age; that moments before being confronted by LCB agents, he had been given a pitcher of beer by a friend, also a minor; that this transaction took place in the southernmost corner of a parking lot adjacent to the tent previously described; that he had

---

[3] The record is at best unclear as to whether the premises described in the liquor license here at issue included the parking lot in which the minors were discovered to be in possession of beer. The license itself was not included in the record certified to this court. For the reasons stated in the text, we do not think that, in the circumstances of this case, a finding on this point is necessary for the resolution of this case.

not entered the tent that evening and had consumed no beer but had been denied service by employees of the licensee on account of his age on previous evenings and had on those occasions consumed beer purchased by other persons, not identified. No evidence was adduced concerning the original source of the beer discovered in the possession of the minors and the LCB appears to concede that it must be presumed that if, as seems most likely, the initial sales of the beer were made by employees located in the licensee's tent, they were lawful when made, that is, they were not sales to a minor or minors.

The LCB and the Court of Common Pleas of Mercer County which latter, on the basis of the evidence taken by the LCB dismissed the licensee's appeal, determined that these facts made out a violation by the licensee of Section 493(1) because, as we understand the decisions, although there was no proof that the licensee or his employees, servants, or agents sold, gave, or furnished beer to minors, the statute further declares it to be unlawful for ''any other person'' to furnish a minor beer and that the evidence was sufficient to prove that some person furnished the minors with beer dispensed by the licensee.

We believe this construction of the statutory provision is in error to the extent that it attempts to create strict vicarious liability on the part of licensees when persons other than the licensee's employees, servants or agents furnish alcoholic beverages to minors. We fully recognize the statement of important public policy embodied in Section 493 and the now well established rule that it will not avail a licensee charged with serving a minor to assert in defense that the service of alcohol was accomplished by an employee without the licensee's knowledge and in direct disobedience of the licensee's directives. *Com-*

*monwealth v. Wolfe,* 433 Pa. 141, 249 A.2d 316 (1969).; *Commonwealth v. Koczwara,* 397 Pa. 575, 155 A.2d 825 (1959). We also recognize that Section 493(1) creates liability on the part of licensees for the unlawful conduct of persons other than the licensee's employees, servants, or agents in those cases where it is additionally shown that the licensee permitted the unlawful act. In *Salvia's Bar, Inc., Liquor License Case,* 211 Pa. Superior Ct. 275, 236 A.2d 839 (1967), *J-J Bar, Inc., Liquor License Case,* 219 Pa. Superior Ct. 349, 233 A.2d 625 (1967) and *Pennsylvania Liquor Control Board v. Grand Marcus One, Inc., T/A The Marc One,* 69 Pa. Commonwealth Ct. 483, ' A.2d (1982), it was properly held that the fact of the licensee's permission may be established circumstantially by, for example, proof that an adult entered the licensed establishment with minors and purchased and was served alcoholic drinks for each member of the party including the minors. Under such circumstances and on the basis of such evidence a factual finding that the licensee or his employee permitted beverages to be sold, furnished or given to minors—that is, that the licensee through his agent consented to or authorized the service of alcohol to minors—ought not to be disturbed. At the time of the sale to the adult in each of the cases cited, the employee bartender either knew or should have known that the minors, companions of the purchaser and present with him at the bar or at tables within the establishment, were to be furnished drink.

*Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 165 A.2d 139 (1960) relied on by the dissent in this case for the proposition that a licensee who fails to prevent the provision of beer to minors by unidentified third persons is thereby proved to have permitted the unlawful act, in fact seems to

stand only for the now familiar and unexceptional principle announced in *Koczwara* that a licensee is strictly accountable for violations committed by employees. *Glass Door* presented the question of the licensee's liability under a regulation of the LCB, not involved in the instant case, declaring it to be unlawful for a licensee to permit entertainers under engagement to "contact or associate with patrons." The Superior Court held that licensees are strictly liable for violations of this provision by entertainers under their direction just as they are held strictly to account for their employees' sale of alcohol to minors. There being no evidence or suggestion in this record that the instant licensee or his employees furnished the minors drink (indeed the indications are to the contrary), or had reason to know that the beer they sold would be furnished to minors, the conduct of those individuals under the control of or hired by the licensee is not at issue and the question is that of whether the licensee's strict liability extends to the furnishing of beer to minors by "other persons" with the knowledge or reason to have knowledge of the licensee or his employees.

No inference can be drawn from the record that the licensee or his employees knew or should have known at the time they sold the beer to adults that it would come into the unlawful possession of minors. No evidence was adduced as to the circumstances surrounding the sales, the identity of the purchasers, the location at the time of the minors, or of the intervening events by which the unlawful possession was ultimately accomplished. While, therefore, it is clear that violation by some unknown person or persons of Section 493(1) occurred, we must reverse the decision of the trial court that the licensee violated the provision because that decision is necessarily predicated on the

unsupported additional conclusion that the licensee or his employees, agents, or servants permitted the beer to be sold, furnished or given to the minors.

Surely the legislature did not intend that it should be the rule that the fact of the minor's possession alone constitutes proof that the seller-licensee had permitted the sale, furnishing or gift of it to the minor. The Liquor Code makes specific provision for the issuance of licenses for many facilities and events frequented by minors such as trains, ships, airplanes, trade shows, conventions, athletic stadia, airports, golf courses, performing arts facilities, museums, and special events including bazaars, clambakes, picnics and, apparently this Oktoberfest. Certainly, under the rule of such cases as *Salvia's Bar, Inc.* and *J-J Bar, Inc.,* each such licensee, its employees, servants and agents, put their licenses in jeopardy by making sales in circumstances in which they know or should know that the intended consumers are minors. But is the holder of a license to dispense beer at a large municipal athletic stadium, for instance, to be found guilty of permitting beer to be sold, furnished or given to a minor whenever an adult buys beer at the counter or in the stands and then out of the presence of the vendor permits a minor sitting with him in the stands to drink of the beer. We believe not and we believe that this case presents the materially identical circumstances.

Finally, we note that Section 493(14), 47 P.S. §4-493(14), makes it unlawful for a licensee to permit unsupervised minors to frequent the licensed premises or any premises operated in connection therewith; and this, if there were sufficient proofs available, would seem to be a more appropriate charge to have been laid in this case.

Order reversed.

ORDER

AND Now, this 15th day of December, 1982, the order of the Court of Common Pleas of Mercer County in the above-captioned case is hereby reversed.

DISSENTING OPINION BY JUDGE MacPHAIL:

I respectfully dissent. The majority holds that the Liquor Control Board (LCB) failed to prove that the licensee or its employees permitted the provision of beer to minors on the licensed premises. This conclusion follows from the majority's observation that no conclusions may be reasonably drawn as to what the licensee or its employees knew or should have known at the time they sold the beer ultimately found in the unlawful possession of underage individuals. In *J-J Bar, Inc., Liquor License Case,* 210 Pa. Superior Ct. 349, 233 A.2d 625 (1967), our Superior Court specifically held that whether the bartender knew or should have known that an adult was furnishing wine to a minor was not the issue; rather, that Court held that there was a duty imposed by the statute upon the bartender to refuse to permit the adult to furnish liquor to a minor. In *Glass Door Liquor License Case,* 193 Pa. Superior Ct. 416, 421, 165 A.2d 139, 141 (1960), the Superior Court held that "permitted" was defined as "acquiesced by failing to prevent." Indeed, our own Court held very recently in *Pennsylvania Liquor Control Board v. Grand Marcus One, Inc., t/a The Marc One* (No. 2647 C.D. 1981, filed October 29, 1982) that a bartender was under a duty to see to it that adults did not furnish liquor to minors.

In summary, I do not believe that Section 493(1) of the Liquor Code or existing case law requires the LCB to prove that the licensee or its employees knew

or had reason to know that liquor was being furnished to minors in order to substantiate a violation of the statute. When, as here, a licensee is specially licensed for a Bavarian festival, an Octoberfest and a Funfest attended by some 1500 persons, the licensee's duty to prevent the consumption of alcoholic beverages by minors on the premises increases proportionately. The majority's query regarding the sale of alcoholic beverages at large municipal athletic stadia is answered, I believe, by the language of Section 433.1 of the Code, 47 P.S. §4-433-1 which imposes a duty on the vendors to make such sales "only to adults". There is no language in that section similar to that contained in Section 493(1) apparently for the reasons implied by the query in the majority opinion. That the legislature chose to make such a distinction may or may not be remarkable; in any event, the legislature has addressed the two situations differently.

The record in the instant case, moreover, demonstrates that the licensee knew minors were on the premises since the testimony is that minors were refused direct sales by the bartender. The minor who testified in the instant case said he had consumed beer on the premises on two prior occasions during the same Octoberfest and that he was given beer on the night in question by another minor.

With respect to footnote 3 in the majority opinion, which is the subject of elaboration in the concurring opinion, I would observe that a witness for the Board testified that the parking lot area was, for the period of time at issue here, *licensed by the Board.* That would seem to remove any doubt that the minor was on the licensed premises at the time of the alleged offense.

I would affirm the conclusions of the learned trial judge that "a reasonable reading of the testimony

causes the conclusion that others obtained the beer for him at his request and that he had the beer in his possession in the licensed area" and "that there is an obligation by a licensee to prohibit minors from being supplied liquor or malt beverages upon the licensed premises." It is obvious to me that that obligation was not discharged by the licensee in the instant case. I would, accordingly, affirm.

---

CONCURRING OPINION BY JUDGE DOYLE:

It is absolutely unclear what part of the entire property or area was licensed so as to reasonably hold the Licensee accountable for wrongful activity which takes place there. It was established that there was a Bavarian Festival being held, or a "funfest" as it was also called, and that Old Express Limited had a license to dispense alcoholic beverages during the festival. But nowhere was it ever established that the parking lot area was used by *only* those persons going into the tent of the Licensee or that the Licensee had the exclusive control over the parking lot.

In *J-J Bar, Inc.; Salvia's Bar, Inc.,* and all similar cases which have dealt with this type of situation the adult person supplying the alcoholic beverage as well as the minors involved, were within the enclosed structure of the bar, or licensed premises. They all were areas which one could reasonably infer would come within the purview of the Licensee's responsibility to police. Here we have an open parking lot with no evidence establishing either what area, or what "premises," was expressly licensed or facts from which we could place such a responsibility upon the Licensee.

There must be some degree of reasonable relationship between the responsibility of the Licensee, espe-

cially in view of the strict interpretations of the Code against the Licensee, and the area over which, or within which, the Licensee can be held accountable.