Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Margaret Abraham, Appellee.

Submitted on briefs January 31, 1985, to Judges MacPhail, Barry and Palladino, sitting as a panel of three.

*Felix Thau,* Assistant Counsel, with him, *Gary F. DiVito,* Chief Counsel, for appellant.

*Robert Davis Gleason,* for appellee.

Opinion by Judge Palladino, March 18, 1985:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Cambria County (trial court) which sustained the de

novo appeal of Margaret Abraham (licensee) thereby reversing the Board's ten-day suspension of the licensee's liquor license. We reverse.

The trial court, after taking testimony, found that on October 2, 1982, while the licensee's establishment was very crowded, two minors surreptitiously gained entrance to the bar.[1] The minors recognized an adult patron and gave him money to purchase a beer and a mixed drink. The adult patron purchased the beverages and gave them to the minors. Shortly thereafter, a Board enforcement officer approached the minors and ascertained that they were under the age of twenty-one years. The minors were then taken from the premises, questioned and issued citations. The licensee was issued a citation for serving a minor in violation of Section 493 of the Liquor Code, Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493.

The trial court concluded that the minors obtained the alcoholic beverages by sending an adult to the bar to deceive the bartender into making a sale. The court stated that it would "not impose vicarious liability in this type of situation."

In reviewing the trial court's decision which, after a hearing de novo, reversed the Board's order, our review is limited to a determination of whether the Board's order was supported by sufficient evidence and whether the trial court abused its discretion or committed an error of law. *Skowronek Liquor License Case,* 32 Pa. Commonwealth Ct. 423, 379 A.2d 906 (1977). The Board argues that the trial court committed an error of law. We agree.

---

[1] The trial court found that there were over 150 patrons in the bar and that a wedding reception was being held in an adjacent room. The trial court also found that the minors gained entrance to the bar through the room where the wedding reception was being held and then made their way to the bar area.

Section 493(1) provides that it shall be unlawful For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt brewed beverages, *or to permit any liquor or malt or brewed beverages to be sold, furnished or given,* to any person visibly intoxicated, or to any insane person, or *to any minor,* or to habitual drunkards, or persons of known intemperate habits. (Emphasis added.)

This Court has held that a licensee "permits" alcoholic beverages to be sold, furnished or given to a minor if he or she "acquiesces by failing to prevent" the same. *Banks Liquor License Case,* 78 Pa. Commonwealth Ct. 159, 467 A.2d 88 (1983). Furthermore, this Court has held that a licensee has a duty to see that adult patrons do not furnish liquor to minors. *Pennsylvania Liquor Control Board v. Grand Marcus One, Inc.,* 69 Pa. Commonwealth Ct. 483, 451 A.2d 810 (1982).

The licensee relies on the case of *Old Express Limited Appeal,* 70 Pa. Commonwealth Ct. 382, 453 A.2d 679 (1982) in making the argument that she cannot be held accountable for the conduct of her patrons unless she or her employees knew or should have known that the alcoholic beverages would come into the unlawful possession of minors. The situation in *Old Express Limited,* however, is clearly distinguishable from the facts of the present case. In *Old Express Limited* it was apparently unclear from the record whether the minors were within the licensed area at the time they obtained the alcoholic beverages. *See, id.* at 384 n.3, 390 and 391, 453 A.2d at 680 n.3, 682 and 683. Further, the evidence offered was insufficient to prove the circumstances surrounding the sale, the identity

of the purchasers, or the events by which the minors obtained possession of the alcoholic beverages. *Id.* at 387, 453 A.2d at 682.

In the present case, however, the minors were clearly within the licensed premises and the evidence presented at the trial was sufficient to prove how and through whom the minors obtained possession of the alcoholic beverages. We, therefore, hold that the trial court committed an error of law in failing to find that the licensee did not properly carry out her duty to see that alcoholic beverages were not furnished to minors. The order of the trial court is reversed and the order of the Board dated April 5, 1983 imposing a ten-day suspension is reinstated.

## ORDER

AND Now, March 18, 1985, the order of the Court of Common Pleas of Cambria County, dated November 3, 1983, in the above-captioned case is reversed, and the order of the Pennsylvania Liquor Control Board dated April 5, 1983 imposing a ten-day suspension is reinstated.

Judge WILLIAMS, JR., did not participate in the decision in this case.