**S & B Restaurant Inc. v. Pa. Liquor Control Board**

*Daniel G. Flannery,* for appellant.
*Thomas F. Kilroe,* for appellee.

CAPPELLINI, *J.,* December 19, 1986—

## NATURE OF PROCEEDINGS

This matter is before the court on an appeal taken by appellant, S & B Restaurant Inc., from an order of the appellee, Pennsylvania Liquor Control Board (hereinafter board) which imposed a 15-day suspension against appellant for alleged violations of the Liquor Code.

## HISTORY AND FACTS

On November 28, 1984, the board issued Citation no. 3410, 1984, to S & B Restaurant Inc., t/a The Woodlands, charging appellant with permitting minors to frequent the licensed premises, and with the alleged sale and/or furnishing of liquor and/or malt or brewed beverages to minors.

As a result of a hearing held on March 14, 1985, before a hearing examiner, the board made the following findings of fact:

"(a) The licensee, by its servants, agents or employees permitted minors to frequent the licensed premises on September 26 and October 2, 1984.

(b) The licensee, by its servants, agents or employees sold, furnished and/or gave or permitted such sale, furnishing and/or giving of liquor and/or malt or brewed beverages to minors on September 26, 1984."

As a result of the aforesaid findings, the board, on April 2, 1986, imposed a 15-day suspension against S & B Restaurant Inc. S & B Restaurant filed an appeal to this court on April 30, 1986, pursuant to 42

Pa.C.S. §993. This court conducted a de novo hearing.

## DISCUSSION AND LAW

The first issue before this court is procedural and regards the timeliness of the actions of the board. 47 P.S. §4-471, provides in pertinent part that the Liquor Control Board "shall immediately suspend or revoke the license, or impose a fine . . . if, upon hearing, it is satisfied that the violation alleged has occurred . . . ."

In the case at bar, the administrative hearing before the appellee was held on March 14, 1985. However, the order of suspension was not issued until nearly 13 months later on April 2, 1986. In S & B Restaurants Inc. v. PLCB, nos. 1003-1004 of 1985, this court held that an eight-month delay between hearing and decision was too long and a violation of the directive of 47 P.S. §4-471. Also see Revel Railroad Inc. v. PLCB, nos. 1850-1854 of 1984 and S & B Restaurant Inc. v. PLCB, nos. 1744-1745 of 1984. We can find no factual or legal reason to justify the nearly 13 months' delay in the case at bar, and as such we hold said delay to be in violation of the mandated standard imposed by the legislature in 47 P.S. §4-471. Consequently, S & B's appeal is sustained and the penalties imposed by the board are set aside.

Although we find the aforesaid procedural issue is dispositive of this case, we will address two other issues raised in this appeal.

The second issue before this court is whether the appellant permitted minors to "frequent" their premises. 47 P.S. §4-493 (14) makes it unlawful "for any hotel, restaurant, or club license, or any retail dispenser, his servants, agents, or employees, to permit . . . minors to frequent his licensed premises. . . ."

The standard to establish "frequenting" is set forth in Speranza Liquor License Case, 416 Pa. 348, 352, 206 A.2d 292, 294 (1965) as follows:

"To 'frequent' . . . means to visit often or to resort to habitually or to reoccur again and again, or more than one or two visits . . . We do not mean to say that it must be found that the same minor or minors came to the premises habitually, but it must be established by a fair preponderance of specific evidence that, as a course of conduct, licensees permitted minors to come to the premises."

The Liquor Control Board has the burden of proving by a preponderance of the evidence that minors have frequented the licensed premises on more than one or two dates. In re: Revocation of Restaurant Liquor License, 26 D. & C. 3d 89 (1982). To sustain a charge, the record must disclose some course of conduct on the part of the licensee and not just an isolated incident. Speranza, supra. In the case at bar, the only evidence presented by the board was the testimony of then minor, Chandra Jewell, that she was on the licensed premises on October 3, 1984, and approximately one week before, although there was no specific evidence of the exact date. There was no other testimony or evidence to show that minors were on the licensed premises at any other times. Based upon the imprecise, vague and lack of specific testimony, we hold that the board has failed to meet its burden of proving by a preponderance of specific evidence that minors have visited the licensed premises, habitually, or on more than one or two visits, or as a course of conduct.

The final issue which we will address is whether S & B Restaurant Inc., violated 47 P.S. §4-493(1), which makes it unlawful, "for any licensee . . . or any employee, servant, or agent of such licensee . . .

to sell, furnish, or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished, or given . . . to any minor . . . ."

Purchase of alcoholic beverages by an adult for a minor's consumption does not free the licensee of his duty to prevent such beverages from being furnished to the minor. Matter of Revocation of Restaurant Liquor License No. R-12122, 78 Pa. Commw. 159, 467 A.2d 85 (1983). The Commonwealth Court has held that the liquor licensee did not properly carry out her duty to see that alcoholic beverages were not furnished to minors where minors gained entrance to the bar and had an adult patron purchase liquor for them. Commonwealth of Pennsylvania, Liquor Control Board v. Abraham, 88 Pa. Commw. 244, 489 A.2d 306 (1985). The Commonwealth Court has also held that a licensee "permits" alcoholic beverages to be sold, furnished or given to a minor if he or she "acquiesces by failing to prevent" the same. Banks Liquor License Case, 78 Pa. Commw. 159, 467 A.2d 85, 88 (1983), and further that a licensee has a duty to see that adult patrons do not furnish liquor to minors. Pennsylvania Liquor Control Board v. Grand Marcus One Inc., 69 Pa. Commw. 483, 451 A.2d 810 (1982).

S & B Restaurant Inc. relies on Old Express Ltd. Appeal, 70 Pa. Commw. 382, 453 A.2d 679 (1982), in which case a minor had been given a pitcher of beer by a friend at an outdoor festival. In holding there to be no violation of section 493(1) of the Liquor Code, the court held that "No inference can be drawn from the record that the licensee or his employees knew or should have known at the time they sold the beer to adults that it would come into the lawful possession of minors."

We feel the case at bar is distinguishable from Old Express, supra, in that in Old Express it was

unclear from the record whether the minors were within the licensed area at the time that they obtained the alcoholic beverages, and further the evidence was insufficient to prove the circumstances surrounding the sale, the identity of the purchasers, or the events by which the minors obtained possession of the alcoholic beverages.

In the case at bar there was testimony from the minor that on October 2, 1984, she was in the licensed premises, and that a male friend purchased a beer for her within the licensed premises. As such, we would hold that with respect to October 2, 1984, it would appear that S & B Restaurant Inc. had violated its duty to see that adults patrons do not furnish liquor to minors and that S & B Restaurant Inc. permitted the same by failing to prevent said furnishing. Although we have sustained S & B Restaurant's appeal on other procedural grounds and set aside the penalties imposed by the board, we feel it important to address this issue. With respect to the alleged sale or furnishing to minors on September 26, 1984, the only evidence presented was the testimony of a minor who indicated that she was at the licensed premises approximately one week prior to October 2, 1984, and that she was unsure as to whether she had any beverage at said time. In light of this vague, uncertain and ambiguous testimony, we do not find sufficient specific evidence to hold appellant guilty of a violation of section 493(1) of the Liquor Code on September 26, 1984.

## ORDER

It is hereby ordered, adjudged and decreed that the appeal of S & B Restaurant Inc. t/a The Woodlands, An Inn, in the above-captioned matter, is sustained, and the penalties imposed by the Pennsylvania Liquor Control Board in the above-captioned matter are hereby set aside.