541 A.2d 1161

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Margaret Abraham, Appellee.

Submitted on Briefs March 7, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ken Skelley,* Chief Counsel, with him, *Eileen S. Maunus,* Assistant Counsel, for appellant.

*Robert Davis Gleason, Gleason, DiFrancesco, Sha-hade & Markovitz,* for appellee.

OPINION BY JUDGE PALLADINO, May 20, 1988:

The Pennsylvania Liquor Control Board (LCB) appeals from an order of the Cambria County Court of Common Pleas sustaining the appeal of Margaret Abraham (Licensee) and dismissing the LCB citation which had resulted in a suspension of Licensee's liquor license for 21 days. We reverse and reinstate the suspension.

The LCB cited Licensee for violating section 493(1) of the Liquor Code[1] by permitting a minor to be furnished with an alcoholic beverage on February 3, 1984. A hearing was held before a hearing officer June 21, 1984. At that hearing, Mark James Lupo testified that on February 3, 1984 he was 19 years old and that he was helping to move chairs at Licensee's premises (Pyramids Lounge). Board hearing, N.T. at 5-6. He further testified that he drank alcoholic beverages while there which were provided him by a friend who was over 21. *Id.,* N.T. at 6.

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493(1). Section 493(1) states:

It shall be unlawful—

(1) For any licensee or the board, or any employe, servant or agent of such licensee or of the board, or any other person, to sell, furnish or give any liquor or malt or brewed beverages, or *to permit* any liquor or malt or brewed beverages to be sold, *furnished or given,* to any person visibly intoxicated, or to any insane person, or *to any minor,* or to habitual drunkards, or persons of known intemperate habits. (Emphasis added.)

On December 4, 1984, the LCB issued its decision. The LCB found that Licensee had permitted a minor to be furnished with alcoholic beverages on its premises. Because this was Licensee's third violation of the Liquor Code within a four year period,[2] the LCB suspended Licensee's license for a 21 day period.

Licensee appealed to the trial court. A de novo hearing was scheduled for April 21, 1987. At that time, the LCB presented the testimony of enforcement officer Gary Kennedy and assistant supervisor Joseph Molitierno. Kennedy testified that Lupo had moved to New York and that he had contacted Lupo by phone as to the date and time of the hearing. Trial court hearing, N.T. at 4-6. Kennedy also testified that he sent Lupo a subpoena by registered mail addressed to Lupo's residence, which Lupo refused, and by first class mail to Lupo's place of employment. *Id.*, N.T. at 6. Molitierno testified that he had called Lupo on April 20, 1987 to ask if Lupo would be attending the hearing the next day and that Lupo told him he would not attend. *Id.*, N.T. at 7-8.

After establishing what had been done to secure Lupo's attendance at the trial court hearing, the LCB offered into evidence the transcript of the notes of Lupo's testimony at the June 21, 1984 hearing before the LCB hearing officer. The LCB's offer of this evidence was made pursuant to section 5934 of the Judicial Code, 42 Pa. C. S. §5934,[3] which permits the notes of

---

[2] Section 471 of the Liquor Code, 47 P.S. §4-471, mandates suspension or revocation for a third violation of the Liquor Code within a four year period. Appellant had been penalized for violations in 1970, 1974, 1979, 1982, 1983. Record item 4.

[3] This section states, in pertinent part:

Whenever any person has been examined as a witness in any civil matter before any tribunal of this Commonwealth, . . . if such witness afterwards dies or is out of the jurisdiction so that he cannot be effectively served with a subpoena, . . . and if the party, against whom notes of the

testimony of a witness in a civil matter to be used in any civil matter dealing with the same issue if the witness is out of the jurisdiction, the party against whom the notes are offered had notice of the prior examination and had the opportunity to examine or cross-examine the witness. Licensee's counsel objected to the introduction of[1] the transcript of Lupo's prior testimony. The trial court deferred ruling on the objection, stating that if the transcript of the notes of Lupo's testimony was admissible, it would be considered. Trial court hearing, N.T. at 13.

The trial court sustained Licensee's appeal and dismissed the citation on July 8, 1987. In its opinion, the trial court found there was no evidence "that would or could circumstantially support a finding that the bartender or licensee permitted furnishing by the adult patron to the minor." *Appeal of Abraham*, (No. Misc. 1984-100, filed July 10, 1987), slip op. at 3. The trial court made the following pertinent conclusions of law:

1. When any other person furnishes alcoholic beverages there is no vicarious liability on the part of the licensee. (Citation omitted.)

. . .

3. Licensees are liable for the conduct of persons other than the licensees [sic] employees in those cases where it is additionally shown that the licensee permitted the unlawful act. . . . However in the instant case there was absolutely no evidence to show that the licensee permitted the same nor could such a conclusion be drawn.

*Id.*, slip op. at 3-4.

---

testimony of such witness are offered, had actual or constructive notice of the examination and an opportunity to be present and examine or cross-examine, properly proven notes of the examination of such witness shall be competent evidence in any civil issue which may exist at the time of his examination. . . .

On appeal to this court,[4] the LCB argues that there was sufficient competent evidence to establish that Licensee permitted a minor to obtain alcoholic beverages while on the licensed premises. Because the only evidence presented to the trial court was the transcript of Lupo's prior testimony, the first issue which must be addressed is whether that transcript was admissible. If the evidence was admissible, the issue of whether a violation of section 493(1) of the Liquor Code, by permitting a minor to be furnished an alcoholic beverage, requires proof that the Licensee or her employees knew or should have known that an adult customer had furnished a minor with an alcoholic beverage must be addressed. For the reasons which follow, we hold that the transcript of Lupo's prior testimony was admissible and that it provides sufficient competent evidence to support a violation of section 493(1) of the Liquor Code.

## PRIOR TESTIMONY

Section 5934 of the Judicial Code permits the admission of prior testimony of a witness, who is "out of the jurisdiction so that he cannot be effectively served with a subpoena," as an exception to the hearsay rule, if the issue now in question existed at the time the prior testimony was given and the party against whom the testimony is offered had the opportunity to examine or cross-examine the witness. Licensee's counsel was present at the LCB hearing when Lupo testified and had an opportunity to cross-examine. The record in this case shows that the LCB established that Lupo was out

---

[4] Our scope of review is limited to a determination of whether the trial court abused its discretion or committed an error of law and whether the LCB's order is supported by sufficient evidence. *Acorn Club of Swissvale v. Pennsylvania Liquor Control Board,* 93 Pa. Commonwealth Ct. 335, 500 A.2d 1296 (1985).

of the jurisdiction so that he could not be effectively served with a subpoena.[5] Therefore, the transcript of Lupo's testimony given at the LCB hearing was admissible.[6] *See Mancini Liquor License Case,* 70 Pa. Commonwealth Ct. 437, 453 A.2d 687 (1982).

## PERMITTING THE FURNISHING

Lupo's testimony establishes that he drank a beer, given him by an adult friend, on Licensee's premises. No other testimony as to the events of February 3, 1984 was presented to the trial court. The trial court held that Licensee could not be in violation of section 493(1) of the Liquor Code for permitting a minor to be furnished with an alcoholic beverage when there was no evidence that Licensee knew or should have known at the time it sold Lupo's friend the beer that Lupo would drink it. The trial court cited this court's decision in *Old Express Limited Appeal,* 70 Pa. Commonwealth Ct. 382, 453 A.2d 679 (1982), in support of its conclusion.

The trial court's reliance on *Old Express Limited* is misplaced. This court has previously addressed the impact of *Old Express Limited* in a similar situation involving Licensee. In *Pennsylvania Liquor Control Board v. Abraham (Abraham I),* 88 Pa. Commonwealth

---

[5] As previously noted, Licensee's counsel objected to the introduction of the transcript of Lupo's prior testimony. His objection was based on the fact that he felt the LCB could have compelled Lupo's attendance at the trial court hearing even though Lupo was now residing in New York. While Licensee continues to assert that Lupo's prior testimony should not be admissible, he has abandoned the argument that Lupo's attendance could have been compelled.

[6] The trial court did not rule on the admissibility of the transcript of Lupo's prior testimony. *See* Trial court hearing, N.T. at 13. However, since that testimony was the only evidence concerning the February 3, 1984 incident offered by the LCB, the trial court considered it.

Ct. 244, 247-48, 489 A.2d 306, 307 (1985) (citations omitted), this court stated:

> The licensee relies on the case of Old Express Limited Appeal, 70 Pa. Commonwealth Ct. 382, 453 A.2d 679 (1982), in making the argument that she cannot be held accountable for the conduct of her patrons unless she or her employees knew or should have known that the alcoholic beverages would come into the unlawful possession of minors. The situation in Old Express Limited, however, is clearly distinguishable from the facts of the present case. In Old Express Limited it was apparently unclear from the record whether the minors were within the licensed area at the time they obtained the alcoholic beverages. . . . Further, the evidence offered was insufficient to prove the circumstances surrounding the sale, the identity of the purchasers, or the events by which the minors obtained possession of the alcoholic beverages. . . .

Licensees permit alcoholic beverages to be furnished or given to a minor if they acquiesce by failing to prevent such from occurring. *Banks Liquor License Case,* 78 Pa. Commonwealth Ct. 159, 467 A.2d 85 (1983). Licensees have a duty to see that adult patrons do not furnish liquor to minors. *Abraham I.* In the case at bar, there is no doubt that Lupo was on Licensee's premises, no dispute that Licensee knew he was there, and Lupo testified that he drank from a bottle of beer furnished to him by someone on the premises. This is sufficient to support a violation of section 493(1) of the Liquor Code.

Accordingly, the order of the trial court sustaining Licensee's appeal is reversed and the order of the LCB, imposing a 21 day suspension, is reinstated.

ORDER

AND NOW, May 20, 1988, the order of the Court of Common Pleas of Cambria County in the above-captioned case is reversed and the order of the Pennsylvania Liquor Control Board imposing a 21 day suspension, is reinstated.