Edward A. Bresch, Jr. and Patricia R. Bresch, Appellants *v.* Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellee.

Argued February 9, 1979, before Judges ROGERS, BLATT and DiSALLE, sitting as a panel of three.

*Anthony P. Schimaveck,* with him *James F. Heinly,* for appellants.

*J. Leonard Langan,* Assistant Attorney General, with him *Kenneth W. Makowski,* Acting Chief Counsel, and *Gerald Gornish,* Acting Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 23, 1979:

Edward A. Bresch, Jr. and Patricia R. Bresch (appellants) appeal from an order of the Court of Common Pleas of Lancaster County which dismissed their appeal from the revocation of their liquor license by the Pennsylvania Liquor Control Board (LCB).

The appellants were the holders of a Restaurant Liquor License when on March 15, 1977, the LCB issued a citation to them pursuant to Section 471 of the Liquor Code[1] to show cause why the license should not be revoked. A hearing was held before the LCB, after which findings of fact were made to the effect that the appellants had permitted minors to frequent the licensed premises, had served alcoholic beverages to the minors and had also permitted drug sales on the premises. The Board revoked the license, and an appeal was taken to the Court of Common Pleas, where, after a de novo hearing, the court concluded that the proof presented was sufficient to sustain the Board's findings, it dismissed the appeal, and this appeal followed.

The appellants raise two issues, arguing first that Section 471 of the Liquor Code, 47 P.S. §4-471, is unconstitutionally vague and indefinite. It provides in pertinent part:

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §1-101 et seq.

Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, of any violation of any laws of this Commonwealth or of the United States of America relating to the tax-payment of liquor or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, or upon any other sufficient cause shown, the board may, within one year from the date of such violation or cause appearing, cite such licensee to appear before it or its examiners. . . .

We have previously stated, however, that a "legislative enactment will be deemed invalid only if it is so vague and indefinite that Courts are unable to determine with any reasonable degree of certainty the intent of the legislative body or so incomplete, conflicting and inconsistent in its provision that it cannot be executed." *McCoy v. Lincoln Intermediate Unit No. 12,* 38 Pa. Commonwealth Ct. 29, 391 A.2d 1119 (1978). Applying this standard, we do not believe that the provision here questioned is unconstitutionally vague or uncertain. We have no difficulty in concluding that it sets forth the circumstances under which the LCB can issue a citation, and its meaning is clear.

The appellants also contend that the court below abused its discretion in revoking their license. They argue that there was insufficient proof presented by the LCB to show that the liquid served to the minors was an intoxicating beverage and that there was insufficient evidence to show that minors "frequented" the premises as prohibited by the Liquor Code. We believe, however, that the LCB sustained its burden to show that intoxicating beverages were sold, furnished or given, for, as our Superior Court has said, [A]

chemical analysis is not required to prove such a fact.'' *Green Gate Inn Liquor License Case,* 185 Pa. Superior Ct. 214, 138 A.2d 292 (1958). As to the sufficiency of evidence on the "frequenting" issue, the record reveals testimony by six minors that they had visited the licensed premises on anywhere from two to over thirty previous occasions, and thus clearly supports the court's conclusion that the LCB had established frequenting the licensed establishment by minors. *See Speranza Liquor License Case,* 416 Pa. 348, 206 A.2d 292 (1965).

Having concluded that the Board's order was supported by substantial evidence and that the lower court did not abuse its discretion or commit any error of law, we must affirm. *Appeal of DiMarco,* 36 Pa. Commonwealth Ct. 338, 387 A.2d 1328 (1978).

ORDER

AND Now, this 23rd day of April, 1979, the order of the lower court dismissing the appellant's appeal is affirmed.