Allets, Inc. et al., Appellants *v.* Penn Township Board of Supervisors et al., Appellees.

Heard June 16, 1982, by Judge CRAIG.

*Howard N. Stark,* with him *William G. Sherr,* for appellants.

*Philip Lope, Lope & Criss,* for appellees.

OPINION BY JUDGE CRAIG, July 6, 1982:

Appellants Allets, Inc. and Richard Gomes have applied for a stay of the injunction issued against them by President Judge DILLON of the Court of Common Pleas of Butler County in a zoning enforcement action brought by Penn Township, Butler County.

Appellants, having leased a building located in the C-2 Commercial District of Penn Township, filed a building permit application for interior remodeling, designating the proposed occupancy of the building as "SALES." After completion of the remodeling, the township officials, claiming to rely upon a conversation with a principal of the appellant corporation, issued a certificate of occupancy which expressly permitted occupancy of the building only as a "card shop." Without rejecting, protesting or otherwise appealing that use designation in the certificate of

occupancy, the appellants proceeded to open the premises for business as an adult bookstore.

Because the activity was not a card shop use, the township, after attempting a summary offense proceeding for ordinance violation, filed this equity action, in accordance with Section 617 of the Pennsylvania Municipality Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10617. After trial and consideration of exceptions to a decree nisi, President Judge DILLON issued a final order essentially and primarily enjoining the appellants from using the premises "for any purpose until such time as a valid Occupancy Permit has been issued for the type of business actually conducted on those premises."

Pursuant to Pa. R.A.P. 1732, after the trial court rejected appellant's application for a stay, appellants renewed their request for supersedeas here.

This court has not heretofore had occasion, in a published opinion, to articulate the criteria which guide it with respect to the granting of stay applications under Pa. R.A.P. 1732. In the view of this court, a stay or supersedeas should be granted only

    1. if the appeal appears to present a question which is meritorious, not frivolous;

    2. if any detriment to interested parties resulting from a stay would be less than the harm resulting from a denial of it; and

    3. if the public interest would not be adversely affected by a stay.

Here, after consideration of thorough arguments presented by counsel, the conclusion must be that this appeal presents no meritorious procedural or substantive question.

Appellants' central procedural attack is based upon the view that the township here could not utilize

equity jurisdiction because it did not revoke the occupancy permit, citing *Pittsburgh v. Oakhouse Associates,* 8 Pa. Commonwealth Ct. 349, 301 A.2d 387 (1973) and *Pittsburgh v. Elman Associates, Inc.,* 6 Pa. Commonwealth Ct. 1, 291 A.2d 813 (1972). However, the above-cited MPC section expressly makes equity enforcement proceedings available to municipalities "in addition to other remedies", and the *Oakhouse* and *Elman* cases are distinguishable because they involved building permits authorizing apartment buildings, which was indeed the land use proposed in those cases, while the intended bookstore use here simply does not accord with the card shop use authorized by the permit. Permit revocation is irrelevant when the relief sought is to enjoin a land use contrary to the outstanding permit, which is precisely what the chancellor's injunction in this case does enjoin.

Arguably, a bookstore, whether adult or not, may possibly be one of the use categories expressly permitted by the Penn Township Zoning Ordinance in the C-2 Commercial District, but the pivotal question presented by the undisputed facts of this record does not involve that point but only turns upon whether the bookstore can be considered to be authorized by the occupancy permit which was accepted. The first criterion for a stay is not satisfied here.

Moreover, without any need to make specific reference to the adult bookstore use here—one which commonly generates considerable community controversy —we must conclude that the public interest in sound locally-administered zoning administration could be adversely affected by a stay whereby this court would be, in effect, issuing an occupancy permit inconsistent with the terms of the permit which appellants accepted from the township.

Therefore, the application is denied.