In the Matter of Revocation of Restaurant Liquor License No. R-12122 etc. Arthur A. Banks, Appellant.

Submitted on briefs September 14, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Norman M. Yoffe, Norman M. Yoffe, P.C.,* for appellant.

*Felix Thau,* Assistant Counsel, with him *Gary F. DiVito,* Chief Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, November 1, 1983:

Arthur A. Banks (Appellant) has appealed from an order of the Court of Common Pleas of Dauphin County affirming a decision of the Pennsylvania Liquor Control Board (PLCB) to revoke his restaurent liquor license for premises known as "Otto's Atmosphere II" located in the city of Harrisburg.[1] We affirm.

The revocation of Appellant's liquor license was based on the following three violations: 1) permitting beer to be furnished or given to minors, on March 27, 1982, in violation of Section 493 of the Liquor Code

---

[1] The revocation became effective October 8, 1982. Appellant's applications for supersedeas filed first with the court of common pleas and later with this Court, pursuant to Pa. R.A.P. 1732(b), were rejected.

(Code) ;[2] 2) permitting the use of a controlled substance on the premises, on February 6, 1982, in violation of Section 471 of the Code, 47 P.S. §4-471 and 3) selling liquor, on February 6, 1982, for consumption off the licensed premises in violation of Section 406 of the Code, 47 P.S. §4-406. In the instant appeal Appellant's challenges are limited to the first two violation findings.[3]

The first challenge made by Appellant is to the constitutionality of Section 471 of the Code which provides, in pertinent part, as follows:

> Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages . . . *or upon any other sufficient cause shown,* the board may . . . cite such licensee to appear before it or its examiner . . . to show cause why such license should not be suspended or revoked or a fine imposed. (Emphasis added.)

Appellant contends that the catch-all provision "or upon any other sufficient cause shown", which provided the basis for the controlled substance citation, constitutes an unconstitutional delegation of legislative power under Article II, §1 of the Pennsylvania Constitution, Pa. Const. art. II, §1 and violates substantive due process because it is impermissibly vague. U.S. Const. amend. XIV.

We first observe that this Court has specifically held that the "other sufficient cause" provision of Section 471 is not impermissibly vague, indefinite or overbroad. *Bresch v. Pennsylvania Liquor Control Board,* 42 Pa. Commonwealth Ct. 192, 401 A.2d 381 (1979); *Quaker City Development Co., Inc. Appeal,*

---

[2] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-493.

[3] Appellant concedes that liquor was sold for consumption off the premises in violation of Section 406.

27 Pa. Commonwealth Ct. 13, 365 A.2d 683 (1976). Thus, Appellant's substantive due process argument must be rejected.

We also conclude that Section 471 does not unconstitutionally delegate legislative power. Regarding Article II, §1, our Supreme Court has stated that:

> While the legislature cannot delegate the power to make a law, it may, where necessary, confer authority and discretion in connection with the execution of the law; it may establish primary standards and impose upon others the duty to carry out the declared legislative policy in accordance with the general provisions of the act.

*Belovsky v. Redevelopmeent Authority,* 357 Pa. 329, 342, 54 A.2d 277, 284 (1947). Moreover, it is recognized that the nondelegation principle does not require that all of the details needed to administer a law be precisely or separately enumerated in the statute. *Gilligan v. Pennsylvania Horse Racing Commission,* 492 Pa. 92, 422 A.2d 487 (1980); *Chartiers Valley Joint Schools v. Allegheny County Board,* 418 Pa. 520, 211 A.2d 487 (1965). Finally, in determining whether adequate standards have been provided by the legislature, we must look to the language of the statute as a whole and its underlying purpose. *Pennsylvania State Association of Township Supervisors v. Insurance Department,* 50 Pa. Commonwealth Ct. 204, 412 A.2d 675 (1980); *Tate Liquor License Case,* 196 Pa. Superior Ct. 193, 173 A.2d 657 (1961).

The general police power purpose of the Code is set forth in Section 104, 47 P.S. §1-104. The stated goals are "the protection of the public welfare, health, peace and morals of the people of the Commonwealth and to prohibit forever an open saloon, and all of the provisions of this act shall be liberally construed for

the accomplishment of this purpose". It has been stated of the "other sufficient cause" standard of Section 471 that:

> It is almost impossible to anticipate all the actions that may justify revocation of a license, ... Therefore, to accomplish the remedial purposes of the Act a "catch-all" provision is needed. The "other sufficient cause" provision is proper for this purpose. (Citation omitted.)

*Quaker City Development Co., Inc.,* 27 Pa. Commonwealth Ct. at 16, 365 A.2d at 684. We think that inclusion of the "other sufficient cause" standard in the Code reflects the legislature's recognition that the remedial purposes of the statute would not best be served by an attempt to catalogue all of the possible grounds for disciplinary actions against licensees. We reaffirm our prior statement that, "We have no difficulty in concluding that [Section 471] sets forth the circumstances under which the LCB can issue a citation, and its meaning is clear". *Bresch,* 42 Pa. Commonwealth Ct. at 194, 401 A.2d at 382. We conclude that Section 471 does not effect an unconstitutional delegation of legislative power.

Appellant next argues that if the "other sufficient cause" standard is constitutional, then a single instance of permitting the use of a controlled substance on the premises may not provide the basis for a license revocation. We first observe that the revocation here is not grounded solely on the basis of the controlled substance charge. The revocation, instead, is supported by the cumulative effect of the three violations found by the PLCB and the trial court. Appellant points, however, to opinions of this Court wherein we have held that "other sufficient cause" for disciplinary action, when based on operation of a

164

licensed premises in a noisy and disorderly fashion, may only be found when the premises is *routinely* operated in such a manner. *See, e.g., Banks Liquor License Case*, 67 Pa. Commonwealth Ct. 479, 447 A.2d 723 (1982). We are not aware of any opinion, however, which has limited a finding of "other sufficient cause" to cases involving repeated and routine actions by a licensee without regard to the nature or seriousness of the action.[4] We do not think the Code requires or would justify such an interpretation. We conclude that the finding that the use of a controlled substance was permitted on the licensed premises, particularly when considered together with the other violations, supports the instant revocation.

Appellant's final argument is that he cannot be found to have permitted minors to use or be furnished beer when an adult purchased the alcoholic beverage and when, upon discovery, the minors were ordered to leave the premises. The facts of the case as found by the trial court, however, demonstrate that the two minors in question were not asked for identification when they entered the premises and that when the age of *one* of the minors was discovered, she was asked to leave the premises. Both minors, however, remained to finish the alcoholic beverage and no further action was taken to prevent their consumption of the beer. It is clear that the purchase of alcoholic beverages by an adult for a minor's consumption does not free the licensee of his duty to prevent the liquor, malt or brewed beverage from being furnished to the minor. *Pennsylvania Liquor Control Board v. Grand*

---

[4] In fact, we have located cases involving disciplinary action based on a single instance of conduct which was found to constitute "other sufficient cause". *See V.J.R. Bar Corp. v. Liquor Control Board*, 480 Pa. 322, 390 A.2d 163 (1978) (gambling on licensed premises) and cases cited therein.

*Marcus One, Inc.,* 69 Pa. Commonwealth Ct. 483, 451 A.2d 810 (1982). Moreover, the fact that one of the minors was asked to leave the premises does not alter our conclusion that the licensee, through his employees, "permitted" the minors to consume the beer. We have previously adopted the Superior Court's definition of "permitted" as meaning "acquiesced by failing to prevent". *Bates v. Commonwealth,* 40 Pa. Commonwealth Ct. 426, 429, 397 A.2d 851, 852 (1979). Clearly, the licensee failed to prevent the consumption of beer by the minors and, thus, must be held to have "permitted" such consumption.

We, accordingly, will affirm the order of the court of common pleas.

ORDER

The order of the Court of Common Pleas of Dauphin County, No. 360 M.D. 1982, dated October 8, 1982, is hereby affirmed.