## Swendsen v. Swendsen

*Mark Momjian* and *Joseph G. Price,* for plaintiff. *Brenda Wise Goodman,* for defendant.

THOMSON, *J.,* November 8, 1994—This case arises out of an appeal by the defendant, Melvin C. Swendsen, of an order of this court dated September 14, 1994 and entered in this matter on September 15, 1994.

That order denied in part and granted in part defendant's motion for a supersedeas. Defendant's motion for a supersedeas was granted with regards to his Jadwin stock partnership assets only. Defendant was permitted to continue ownership of the Jadwin stock partnership assets pending disposition of his appeal in the underlying property settlement. Defendant was ordered to deposit

$40,000 with the clerk as appropriate security pursuant to Pa.R.A.P. 1735.

Defendant's motion for supersedeas was denied with regard to all other marital assets.

On October 17, 1994, defendant was ordered to file within 10 days from entry of the order a concise statement of matters complained of on appeal, pursuant to Pa.R.A.P. 1925(b). As of the date of this opinion, defendant has failed to comply with said order. "A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of." Pa.R.A.P. 1925(b).

We believe, however, that an order denying application for stay or supersedeas pending appeal is an inappropriate order from which to appeal. Pursuant to Pa.R.A.P. 1732(a), an application for stay or injuction pending appeal is ordinarily made in the first instance to the lower court. However in the event the lower court denies the application for stay or supersedeas pending appeal, the aggrieved parties next move is to apply for the stay, "... to the appellate court or to a judge thereof, but the application shall show that application to the lower court for the relief sought is not practical, or that the lower court has denied an application, or has failed to afford the relief which the applicant requested...." Pa.R.A.P. 1732(b).

It is our belief that a plain reading of the Pennsylvania Rules of Appellate Procedure indicate that the applicant's remedy for denial of his application for stay or supersedeas pending appeal is with an application to the Superior Court. See *Allets Inc. v. Penn Township Board of Supervisors,* 67 Pa. Commw. 326, 447 A.2d 329 (1982) (overruled on other grounds); *Pennsylvania Public Utility Commission v. Process Gas Consumers*

*Group,* 502 Pa. 545, 467 A.2d 805 (1983). See also, *Banks Liquor License Case,* 78 Pa. Commw. 159, 467 A.2d 85 (1983).

Therefore, we believe this appeal is from an interlocutory order, is improperly made and should be dismissed. Pending further order of the Superior Court of Pennsylvania, we stand on our order dated September 14, 1994.