**PENNSYLVANIA STATE POLICE BUREAU OF LIQUOR CONTROL ENFORCEMENT**

v.

**PROGRESS FIRE COMPANY HOME ASSOCIATION, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 11, 2012.

Decided Oct. 26, 2012.

---

Paul R. Wagner, Harrisburg, for appellant.

John H. Pietrzak, Assistant Counsel, Harrisburg, for appellee.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Progress Fire Company Home Association (Licensee) appeals from the September 1, 2011, order of the Court of Common Pleas of Dauphin County (trial court), denying Licensee's statutory appeal of a civil liquor enforcement adjudication. We affirm.

Licensee holds a Pennsylvania liquor license issued by the Pennsylvania Liquor Control Board (PLCB) for the premises located at 38 Short Street, Harrisburg, Pennsylvania. Licensee was permitted to sell "small games of chance" during the 2009 and 2010 calendar years under the Local Option Small Games of Chance Act (Chance Act).[1,2]

On April 1, 2010, the Pennsylvania State Police, Bureau of Liquor Control Enforcement (Bureau), filed a citation against Licensee charging it with three violations of the Liquor Code:[3] (1) failing to keep rec-

1. Act of December 19, 1988, P.L. 1262, *as amended,* 10 P.S. §§ 311–327. The Chance Act was renumbered and amended by the Act of February 2, 2012, P.L. 7, which went into effect on March 5, 2012; its provisions are now located at 10 P.S. §§ 328.101–328.707. Since the charges against Licensee occurred prior to the amendment, references to the Chance Act included herein are to the former version of the Chance Act in effect prior to the February 2, 2012, amendment.

2. Permits are issued by the county treasurer pursuant to section 11(b) of the Chance Act, 10 P.S. § 321(b) (now section 308(b) of the Chance Act, 10 P.S. § 308(b)).

3. Act of April 12, 1951, P.L. 90, reenacted by the Act of June 29, 1987, P.L. 32, *as amended,* 47 P.S. §§ 1–101—10–1001. The Bureau cited Licensee for violating sections 493(12) and 471 of the Liquor Code, 47 P.S. §§ 4–493(12) and 4–471.

ords on licensed premises; (2) awarding more than $5,000 in cash or merchandise in a seven-day period; and (3) refusing to provide access to records to Bureau officials. Licensee challenged the citation and requested a hearing, which was held on August 10, 2010.

The hearing before an administrative law judge (ALJ) proceeded on stipulated facts, which are set forth as follows. A Bureau enforcement officer conducted an administrative inspection of Licensee's premises on February 3, 2010. Licensee provided the officer with all records, except those relating to small games of chance. The officer advised Licensee that he would return to the premises on March 1, 2010, at which time, he expected Licensee to present those records for his inspection. The officer returned on March 1, 2010, but Licensee did not provide the records because, on the advice of counsel, the records were not maintained at the business premises. The officer reviewed reconciliation documents related to Licensee's small games of chance operation. These documents confirmed that Licensee awarded prizes for three distinct seven-day periods between August 2009 and January 2010 in the amounts of $33,085, $27,414, and $32,907.

The ALJ determined that Licensee committed two of the three charges, namely, failing to keep records on licensed premises and awarding more than $5,000 in cash or merchandise in a seven-day period.[4] The ALJ sustained the citation and imposed a fine of $1,100 and a liquor license suspension for a period of fifteen days. Licensee filed a timely appeal with the PLCB, which affirmed the ALJ's decision.

Licensee then filed an appeal to the trial court, which, following *de novo* review on the stipulated facts, affirmed. This appeal now follows.[5]

Licensee contends that the Bureau is not authorized to enforce the Chance Act. We disagree.

The Bureau is responsible for enforcing the Liquor Code and its attendant regulations. Section 211(a) of the Liquor Code, 47 P.S. § 2–211(a).[6] Section 471(a) of the Liquor Code, 47 P.S. § 4–471(a) (emphasis added), provides:

> Upon learning of any violation of this act or any laws of this Commonwealth relating to liquor, alcohol or malt or brewed beverages, or of any regulations of the board adopted pursuant to such laws, or any violation of any laws of this Commonwealth or of the Federal Government relating to the payment of taxes on liquor, alcohol or malt or brewed beverages by any licensee within the scope of this article, his officers, servants, agents or employes, *or upon any other sufficient cause shown,* the enforcement bureau may, within one year from the date of such violation or cause appearing, cite such licensee to appear before an administrative law judge, not less than ten nor more than sixty days from the date of sending such licensee, by registered mail, a notice addressed to him at his licensed premises, to show cause why such license should not be suspended or revoked or a fine imposed, or both. The bureau shall also send a copy of the hearing notice to the municipality in which the premises is located.

*State Police, Bureau of Liquor Control Enforcement v. Wilner,* 687 A.2d 1216, 1218 n. 4 (Pa.Cmwlth.1997).

---

4. The ALJ dismissed the third charge.

5. Our scope of review in a Liquor Code enforcement appeal is limited to determining whether the trial court committed an error of law or an abuse of discretion. *Pennsylvania*

6. Added by the Act of June 29, 1987, P.L. 32, *as amended.*

In *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Harrisburg Knights of Columbus Home Association*, 989 A.2d 39, 44 (Pa.Cmwlth. 2009), *appeal denied*, 608 Pa. 626, 8 A.3d 347 (2010), this court interpreted the phrase "upon any other sufficient cause shown" to mean that Bureau officers have authority to enforce the Chance Act. We explained "that 'violations of criminal laws other than the Liquor Code may constitute sufficient cause for revocation or suspension of a liquor license' pursuant to Section 471 of the Liquor Code." *Id.* (quoting *Pennsylvania Liquor Control Board v. TLK, Inc.*, 518 Pa. 500, 504, 544 A.2d 931, 933 (1988)). Section 471 of the Liquor Code authorizes "the imposition of penalties for a variety of conduct not expressly prohibited by the Liquor Code, but reasonably related to the sale and use of alcoholic beverages, including gambling." *Id.* The General Assembly has directed that the Liquor Code is "an exercise of the police power of the Commonwealth for the protection of the public welfare, health, peace and morals [and] ... shall be liberally construed for the accomplishment of this purpose." Section 104(a) of the Liquor Code, 47 P.S. § 1–104(a); *see Harrisburg Knights*, 989 A.2d at 44. The General Assembly employed the phrase "other sufficient cause shown" to provide the Commonwealth with broad authority to review the conduct of a liquor licensee to determine whether disciplinary action is warranted even if the specific activity or conduct is outside the scope of the Liquor Code. *Harrisburg Knights*, 989 A.2d at 44–45. Based upon our reading of *Harrisburg Knights*, we are constrained to conclude that the Bureau is authorized to investigate and enforce provisions of the Chance Act under the Liquor Code.

Next, Licensee argues that, assuming the Bureau has the authority to enforce the Chance Act, the Bureau must comply with the regulations of the Department of Revenue. We disagree.

Pursuant to the regulations attendant to the Chance Act, an organization licensed to conduct games of chance shall be open to inspection by the Department of Revenue or its authorized representatives. 61 Pa.Code § 901.28(a). Such "inspection shall ... [t]ake place only when a reasonable belief exists that a violation of the act or this part has occurred, is occurring or will occur." 61 Pa.Code § 901.28(a)(2). The present case is a *civil* administrative action brought under the authority of the Liquor Code and implicates Licensee's liquor license. It is not an action brought by the Department of Revenue under the Chance Act. For this reason, none of the jurisdictional, investigative or procedural sections of the Chance Act or its attendant regulations apply, much less govern, the actions of Bureau officers conducting an investigation of a liquor licensee pursuant to the Liquor Code.

Last, Licensee contends that a Bureau officer is not included in the definition of "law enforcement official." We disagree.

Section 323(b) of the Chance Act, 10 P.S. § 323(b),[7] provides that "[n]othing in this act shall be interpreted to restrict the power of State, county or local law enforcement officials to conduct investigations and enforce the provisions of this act." Section 313 of Chance Act, 10 P.S. § 313,[8] defines "law enforcement official" as "[a] municipal police officer, a member of the Pennsylvania State Police, the sheriff of a county or a deputy sheriff." Re-

---

7. Now section 702(f) of the Chance Act, 10 P.S. § 328.702(f).

8. Now section 103 of the Chance Act, 10 P.S. § 328.103.

garding whether the Bureau qualifies as a "law enforcement official," this court held:

Section 211 of the Liquor Code provides that the Bureau is a subdivision of the Pennsylvania State Police authorized to enforce the Liquor Code and its attendant regulations. . . . Thus, as the Bureau is a subdivision and member of the Pennsylvania State Police, it is a law enforcement official.

*Harrisburg Knights,* 989 A.2d at 43 (citation omitted). Because the Bureau is a "law enforcement official," it is vested with authority to enforce the Chance Act.

Pursuant to the Liquor Code, the Bureau is authorized "[t]oo investigate and issue citations for any violations of this act or any laws of this Commonwealth relating to liquor." Section 211(a)(4) of the Liquor Code, 47 P.S. § 2–211(a)(4). The Bureau is authorized to enter a licensed premises without a warrant to conduct a full routine inspection. Section 493(21) of the Liquor Code, 47 P.S. § 4–493(21). The Bureau is authorized to cite a liquor licensee for failure to comply with the standards of conduct of the Chance Act pursuant to section 471(a) of the Liquor Code, 47 P.S. § 4–471(a), under the doctrine of "other sufficient cause shown." *Harrisburg Knights,* 989 A.2d at 44–45.

Accordingly, the order of the trial court is affirmed.

#### ORDER

AND NOW, this 26th day of October, 2012, we affirm the September 1, 2011, order of the Court of Common Pleas of Dauphin County.